■ In the Matter of Peter E. Kelly, Attorney, Respondent. Committee on Professional Standards, Petitioner. [949 NYS2d 543]—

Per Curiam. Respondent was admitted to practice by the

Second Department in 1978. Although he currently lives in Sullivan County, where he also has a law office, respondent moved to Florida in 1993 and began practicing law in that state the following year.

By order dated March 7, 2002, the Supreme Court of Florida suspended respondent for 91 days for, among other things, charging an illegal fee, engaging in conduct prejudicial to the administration of justice, revealing confidential information without consent and bringing a frivolous action. In a separate proceeding in 2003, upon his default, the Supreme Court of Florida suspended respondent for six months for failing to provide competent representation, failing to communicate with a client and charging an excessive fee. As of October 1, 2007, based upon his failure to pay attorney registration fees and comply with continuing legal education requirements, respondent has been deemed a "delinquent member" of the Florida bar for more than five years, a classification which, among other things, prohibits him from practicing law in that state and conditions his readmission upon a successful application to the Florida Board of Bar Examiners (*see* Rules Regulating the Florida Bar rules 1-3.6, 1-3.7).

Petitioner moves for an order imposing discipline pursuant to this Court's rules (*see* 22 NYCRR 806.19). Respondent opposes the motion, claiming, among other things, that he resigned from the Florida bar in 2001 and that the imposition of discipline in New York would be unjust (*see* 22 NYCRR 806.19 [d] [3]). Nevertheless, the Florida bar has no record of respondent's intention to resign from the practice of law in that state. Moreover, respondent did not file the suspension orders of the Supreme Court of Florida as required by Appellate Division rules (*see* 22 NYCRR 691.3 [e]; 806.19 [b]).

Under all of the circumstances presented, we grant petitioner's motion and conclude that, in the interest of justice, respondent should be suspended from the practice of law for an indefinite period and until further order of this Court (*see e.g. Matter of Percely*, 63 AD3d 1366 [2009]; *Matter of Weekes*, 44 AD3d 1154 [2007]). Upon any application for reinstatement, respondent shall show, in addition to the requirements set forth in this Court's rules (*see* 22 NYCRR 806.12 [b]), including passage of the Multistate Professional Responsibility Examination while suspended, proof that the Florida bar has accepted his formal resignation or proof that he has been reinstated or readmitted to the practice of law in Florida.

Peters, P.J., Mercure, Rose, Garry and Egan Jr., JJ., concur. Ordered that petitioner's motion is granted; and it is further

ordered that respondent is suspended from the practice of law for an indefinite period, effective 20 days from the date of this decision, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give another opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).